Boardman, J.
This is an appeal from an order refusing plaintiff costs and an extra allowance. The plaintiff presented to defendant a bill of services rendered to or for defendant’s intestate. The claim was rejected. The referee certifies that the defendant refused to refer the claim under the statute. He also shows the concession of the defendant that he refused to refer the claim in pursuance of plaintiff’s notice, whereby plaintiff offered to refer the claim under the statute to certain persons named, “ or any other suitable or proper person, as referee, to be approved by the surrogate.” Besides this evidence, concession and certificate furnished by the referee, there is evidence that B. S. Richards, the attorney for the defendant in this action, refused to refer the claim, and advised plaintiff’s attorney that he might as well sue it at once. Afterwards the action was commenced, and again the defendant, through his counsel, resisted a reference, which was, however, granted.
Section 1836, of the Code provides that where the “ defendant refuses to refer the claim as prescribed by law, the court may award costs against the executor or administrator, to be collected *128 either out of his individual property or out of the property of the decedent, as the court directs, having reference to the facts which appear on the trial. When the action is brought in the Supreme Court -. . . the facts must be certified by the judge or referee before whom the trial took place.” We think the certificate of the referee “ that the defendant, before the commencement of the action, refused to refer the claim under the statute ” is prima facie conclusive upon the court, and is a fact proper to be certified. Certainly no person can better determine that question, and it is far wiser to allow such determination to control than resort to affidavits of attorneys and interested parties; often the merits of the controversy are decided, and the costs alone are at stake. Of what use is a certificate if it decides nothing? Why should a judge or referee be required to certify what the fact is, and then allow him to be contradicted or impeached by loose affidavits ?
When a case is charged to have been unreasonably defended, the facts which appeared upon the trial may properly be referred to, .and in such cases, if the certificate does not state all the facts fully and fairly, they may be shown by affidavits. But where the sole fact controlling the granting of costs against the defendant depends upon his refusal to refer, the certificate of the referee upon a concession by defendant on trial ought to be conclusive. Whether the costs should be charged against the defendant personally, or against the estate he represents, may depend upon other facts appearing on the trial Avhich may be shown by affidavits if necessary,. The refusal to refer is a fact and not a conclusion of law. The evidence of such fact need not be certified.
The plaintiff must apply to the court for an allowance of costs before it can be included in the judgment. Such was the law before the Code and it is so still. The certificate of the referee, it would .seem* must be presented showing the necessary facts. The essential fact in the present case is the refusal by defendant to refer,. If he did refuse, the plaintiff is entitled to costs. If it be conceded that the certificate is not conclusive, •and that other-evidence upon that question is competent, we still think the refusal of the defendant to refer is abundantly established. We have the certificate of the referee to the exact fact. The referee indicates by his decision that plaintiff is entitled to costs to be awarded by .the court. The defendant upon the trial admitted his refusal to refer. In response to a proposal to prove the necessary facts, to enable the referee to certify to such refusal, the defendant’s attorney in this action, before action begun, advised plaintiff’s attorney to sue at once, as there was no use of talking about referring the claim. In answer to such evidence there was, in connection with the rejection of plaintiff’s claim, an offer by defendant to refer same to *129 three persons to be approved, etc., which offer was neither accepted nor rejected by the plaintiff. Nineteen days thereafter or less, plaintiff served upon defendant’s Exhibit J., offering as herein before stated, which pffer the defendant refused. The pretence that defendant was willing to refer to three but not one person, is shown to be unfounded, by defendant’s subsequent unwillingness to have three, and. his preference for one. The affidavit of Richards and Taylor do not squarely deny the. verbal refusal made to O’Connor to refer, but undertake to say-how, or under what circumstances, it was said, if said at all.. There is not a particle of evidence to refute the admission made upon the trial, which must have been understood by the court and plaintiff as .a refusal by defendant to refer the claim under § 1880 of the Code, and the defendant must have intended that the court and plaintiff should so understand the-' admission.
Upon such a state of facts we are clearly of the opinion that the defendant, by his refusal to refer the claim, became liable for the costs under the section of the Code as cited.
The order of the special term should be reversed, and the plaintiff’s motion for costs and disbursements in this action,, should be granted with $10 costs, and disbursements of this-appeal.
Hardirg- and Follett. «TJ., concur.